UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> LOT'SA LIQUORS, LTD., an Illinois corporation, <br><br> Defendant. | No. 21 C 2831 <br><br> Judge Sara L. Ellis |

**OPINION AND ORDER**

On March 31, 2019, a shooting occurred in the parking lot of a gas station owned and operated by Defendant Lot'sa Liquors, Ltd. ("Lotsa"). Approximately two years later, the victim filed suit against Lotsa, and Lotsa tendered the claim to its insurer, Plaintiff State Automobile Mutual Insurance Company ("State Auto"). State Auto then filed this insurance coverage lawsuit, seeking a declaration that it has no duty to defend Lotsa in the underlying action and reimbursement of defense costs that State Auto has incurred in that action. State Auto has now moved for summary judgment on the question of its duty to defend, arguing that Lotsa did not comply with the insurance policy's notice condition, relieving State Auto from its obligation to defend Lotsa in the underlying action. Because the Court finds that Lotsa provided State Auto with reasonable notice, the Court denies State Auto's motion for summary judgment.

# BACKGROUND[1]

**I.  The Policy**

Premsagar Mulkanoor, who immigrated from India in 1978 and has a high school education, has owned and operated Lotsa, a gas station in Harvey, Illinois, since 1999.  He also owns two additional gas stations, which he acquired in 2002 and 2006.  Mulkanoor is involved in the gas stations' day-to-day operations.  Mulkanoor has liquor liability, building coverage, business, and workman's compensation insurance for Lotsa, which he has obtained at the direction of his insurance agent or to comply with licensing requirements.  Mulkanoor also has homeowner's insurance for his personal residence, on which he has never made a claim.

State Auto issued Lotsa a businessowners liability insurance policy for the period from October 15, 2018 to October 15, 2019.  Mulkanoor obtained this policy through his insurance agent.  He completed the application for the policy on October 16, 2018, identifying Lotsa as the applicant and its business as a retail gas station minimart.  Mulkanoor understood the policy to cover property damage, such as broken glass, fire, and theft.  Mulkanoor did not read the policy, however, and testified that he would not have understood it even if he had.

The policy provides business liability coverage for "bodily injury" caused by an "occurrence."  Doc. 65 ¶ 12.  The policy includes the following notice provision:

> **Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> **(1)** How, when and where the "occurrence" or offense took place;
>
> **(2)** The names and addresses of any injured person and witnesses; and

---

[1] The Court derives the facts in this section from the Joint Statement of Undisputed Material Facts.  The Court takes all facts in the light most favorable to Lotsa, the non-movant.

 **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

 **b.** If a claim is made or "suit" is brought against any insured, you must:

 **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

 **(2)** Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 **c.** You and any other involved insured must:

 **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

 **(2)** Authorize us to obtain records and other information;

 **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

 **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

 **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*Id.* ¶ 13. The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* ¶ 14. The policy defines a "suit" as "a civil proceeding in which damages because of 'bodily injury', 'property damage', or 'personal and advertising injury' to which this insurance applies are alleged." *Id.* ¶ 15.

## II. The Underlying Action

 On March 31, 2019, Adonis Hill was shot in Lotsa's parking lot. Mulkanoor learned of the shooting the following day, when one of his employees told him that a shooting had occurred

and that she had called the police. No Lotsa employee engaged in any investigation of the incident, and the police did not return to Lotsa after the night of the shooting or otherwise contact Mulkanoor or interview any Lotsa employees.

On March 25, 2021, Hill filed suit against Lotsa in the Circuit Court of Cook County. Mulkanoor first learned of the underlying action when served with a copy of the summons and complaint on April 5, 2021. No Lotsa employee, including Mulkanoor, had any contact with Hill or anyone on his behalf until Mulkanoor received the summons and complaint in the underlying action. Mulkanoor also did not know of Hill's alleged injuries at any time prior to the filing of the underlying action.

After receiving notice of the underlying action, Mulkanoor called his insurance agent to report the claim. After receiving notice of the underlying action, State Auto agreed to provide Lotsa with a defense subject to a reservation of rights.

This is the only claim that Mulkanoor has made for any of his three gas stations. He testified that he did not report the shooting before receiving notice of the underlying action because he did not see a reason to do so, although he does understand that liability insurance covers injuries to other people.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine dispute of material fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, documents, answers to interrogatories, admissions, stipulations, and affidavits or declarations that are part of the record. Fed. R. Civ. P. 56(c)(1); *A.V. Consultants, Inc. v. Barnes*, 978 F.2d 996, 999 (7th Cir. 1992).

The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bunn v. Fed. Deposit Ins. Corp. for Valley Bank Ill.*, 908 F.3d 290, 295 (7th Cir. 2018). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324; *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014). The Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 842 (7th Cir. 2013). However, a bare contention by the non-moving party that an issue of fact exists does not create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), and the non-moving party is "only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture,'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted).

## ANALYSIS

State Auto argues that it does not have a duty to defend Lotsa in the underlying action because Lotsa did not comply with the policy's notice provision. The parties agree that Illinois law applies to this insurance contract. Notice provisions in insurance contracts are reasonable conditions precedent to coverage. *State Auto Prop. & Cas. Co. v. Brumit Servs., Inc.*, 877 F.3d 355, 357 (7th Cir. 2017). An insured's failure to timely notify the insurance company under the terms of a policy "absolves the insurance company of any obligation to defend or indemnify the insured." *Id.*

Here, the policy required Lotsa to provide State Auto with notice of an occurrence or offense that may result in a claim "as soon as practicable." Doc. 65 ¶ 13. It similarly required

Lotsa to provide State Auto with notice of a claim or suit "as soon as practicable." *Id.* State Auto maintains that Lotsa needed to comply with both requirements, with Lotsa's failure to notify State Auto of the shooting until Hill filed suit precluding coverage. Lotsa, on the other hand, maintains that the policy is ambiguous as to the need to comply with both notice provisions, and so the Court should find its almost immediate notice of the underlying action sufficient. Lotsa does not argue that an insured never has to give notice of an occurrence, which would essentially "allow it to perpetually forgo notice in the event of an occurrence and wait until a lawsuit materialized" and "undermine the central purpose of the occurrence-based provision—to afford the insurer the chance to timely investigate and preserve possible evidence of a potential claim." *Westport Ins. Corp. v. Sycamore Cmty. Unit Sch. Dist. #427*, 555 F. Supp. 3d 550, 560 (N.D. Ill. 2021). Instead, Lotsa maintains that the notice of occurrence requirement does not apply in this case because the shooting does not qualify as an "occurrence," which the policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Doc. 65 ¶ 14. Although the policy does not further define "accident," Illinois courts interpreting insurance policies have defined "accident" as "an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned, sudden, or unexpected event of an inflictive or unfortunate character." *Nautilus Ins. Co. v. Bd. of Dirs. of Regal Lofts Condo. Ass'n*, 764 F.3d 726, 731 (7th Cir. 2014) (quoting *Westfield Nat'l Ins. Co. v. Cont'l Cmty. Bank & Tr. Co.*, 346 Ill. App. 3d 113, 117 (2003)). This definition could encompass a shooting, like that involved in this case, where Lotsa could not have expected or intended the shooting to occur. *See Kinsale Ins. Co. v. Last Coast Ent., LLC*, No. 19 C 5771, 2021 WL 1577797, at *2 (N.D. Ill. Apr. 22, 2021) (shooting on insured's property could qualify as an "occurrence," which the insurance policy defined as an "accident"); *Country Mut. Ins. Co.*

.

*v. Dahms*, 2016 IL App (1st) 141392, ¶ 45 ("If an injury is not expected or intended by the insured, it is considered an accident."); *cf. State Farm Fire & Cas. Co. v. Young*, 2012 IL App (1st) 103736, ¶¶ 25–27 (policy's coverage for accidents did not include assault or battery committed by the insured). Therefore, the Court proceeds to consider whether Lotsa complied with its obligation to provide State Auto with notice of the shooting "as soon as practicable."

The Illinois Supreme Court has interpreted the phrase "as soon as practicable" to require notice "within a reasonable time." *Country Mut. Ins. Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311 (2006). "A lengthy passage of time in notification is not an absolute bar to a claim of defense and indemnity under a policy, provided the facts and circumstances show that the insured's delay was justifiable." *Northbrook Prop. & Cas. Ins. Co. v. Applied Sys., Inc.*, 313 Ill. App. 3d 457, 465 (2000). When determining whether an insured has provided reasonable notice, the Court considers the following five factors: (1) the specific language of the notice provision; (2) the insured's sophistication regarding insurance and commerce; (3) the insured's awareness of the event that might trigger coverage; (4) the insured's diligence in investigating potential coverage; and (5) prejudice to the insurer. *W. Am. Ins. Co. v. Yorkville Nat'l Bank*, 238 Ill. 2d 177, 185–86 (2010). No one factor is dispositive, and the insurer need not prove prejudice to prevail. *Brumit*, 877 F.3d at 358 (citing *Livorsi Marine, Inc.*, 222 Ill. 2d at 317). "The reasonableness of notice is a question of law on undisputed material facts." *Moje v. Fed. Hockey League, LLC*, 377 F. Supp. 3d 907, 921 (N.D. Ill. 2019) (collecting cases).

With respect to the first factor, the policy speaks in mandatory terms, requiring Lotsa to report any occurrence or offense that may result in a claim "as soon as practicable." *See Brumit*, 877 F.3d at 358 (policy provision that an insured "must" report an accident was "couched in mandatory terms" and so imposed "a contractual obligation to promptly report" the accident

7

(quoting *Am. Standard Ins. Co. of Wis. v. Slifer*, 395 Ill. App. 3d 1056, 1061 (2009))). Nonetheless, this factor remains neutral where, as here, the policy "does not identify a specific time frame for giving notice." *Yorkville*, 238 Ill. 2d at 186; *see, e.g.*, *Towne Place Condo. Ass'n v. Phil. Indem. Ins. Co.*, No. 17 C 1561, 2019 WL 3287837, at *5 (N.D. Ill. July 22, 2019); *Great Am. E & S Ins. Co. v. Power Cell LLC*, 356 F. Supp. 3d 730, 747 (N.D. Ill. 2018); *Sentinel Ins. Co., Ltd. v. Cogan*, 202 F. Supp. 3d 831, 838 (N.D. Ill. 2016).

The second factor, Lotsa's sophistication in business and insurance matters, weighs in favor of Lotsa. The Court acknowledges that it cannot narrowly read this factor in a way that would leave "[o]nly corporations, attorneys, and insurance agents" as sophisticated insureds. *Brumit*, 877 F.3d at 359–60; *see also Towne Place*, 2019 WL 3287837, at *5 (N.D. Ill. July 22, 2019) ("Illinois law generally understands insurance-related sophistication to sweep beyond those in the insurance business and to encompass companies and individuals with significant experience in managing their own insurance policies."). While courts generally assume that an insured is sophisticated enough to understand his automobile insurance policy, a commercial general liability policy—like the one at issue in this case—is more complex. *Moje*, 377 F. Supp. 3d at 918. Thus, for example, in *Brumit*, the Seventh Circuit concluded that a high school graduate with two years of college courses and business experience qualified as a sophisticated insured with respect to a basic automobile accident policy. 877 F.3d at 359. The Seventh Circuit contrasted an automobile accident policy, which "doesn't take much expertise to interpret," with more complex policies like homeowners' insurance policies, which "require[ ] some study as to its various provisions." *Id.* Here, despite owning gas stations for over twenty years, Mulkanoor, who obtained a high school education in India and did not attend college, does not appear to have had significant experience in managing such insurance policies. Mulkanoor testified that he

8

purchased insurance as directed by his agent and had never previously filed a claim. And although Mulkanoor did not read the State Auto policy, he also testified that he would not have understood it had he read it. That said, even if he might not have understood it, Mulkanoor's failure to even read the policy "could reasonably be viewed unfavorably to him as burying his head in the proverbial sand." *Moje*, 377 F. Supp. 3d at 918. But because the Court must view the facts in the light most favorable to Lotsa on summary judgment, this factor weighs in favor of finding Lotsa to be an unsophisticated insured. *See id.* (at summary judgment, factual issues about sophistication of insured had to be resolved for insured).

The third factor, the insured's awareness of the event that might trigger coverage, also favors Lotsa. As Mulkanoor testified, he did not understand that a lawsuit against Lotsa would likely follow a shooting that occurred in Lotsa's parking lot, particularly where neither the police nor anyone on behalf of Hill followed up after the shooting, and no Lotsa employee had any involvement in the shooting. Under these circumstances, a reasonable person in Lotsa's position would not have appreciated that a lawsuit against Lotsa may follow. *See Com. Underwriters Ins. Co. v. Aires Env't Servs., Ltd.*, 259 F.3d 792, 796–97 (7th Cir. 2001) ("While an insured who has reason to know that a suit is likely to be filed (or has been filed) is not entitled to be excused from late notice, it may be reasonable in some situations for an insured not to expect suit if they are not directly involved in an accident and have no reason to think that they may be liable."); *Barrington Consol. High Sch. v. Am. Ins. Co.*, 58 Ill. 2d 278, 282–83 (1974) ('It cannot be plausibly said that by the notice provision the insurer intended that every occurrence or accident had to be reported to it. Rather such notification was not intended to be furnished, or it was intended that it was to be excused if under the circumstances of the occurrence or accident there was no ground for the insured as a reasonable person to believe that a claim under the policy

9

would be made."); *Berglind v. Paintball Bus. Ass'n*, 402 Ill. App. 3d 76, 89 (2010) (failure to appreciate that accident would result in lawsuit was reasonable as a matter of law); *Am. Country Ins. Co. v. Efficient Constr. Corp.*, 225 Ill. App. 3d 177, 181–82 (1992) ("An insured is not required to report every injury it is aware of, it is only required to report those injuries which a reasonable person would understand is likely to lead to a claim, and this is especially so where, as here, the insured is not a direct participant in the injury.").[2] And once Mulkanoor received notice of the suit, he immediately notified his insurance agent, as required by the policy's notice provision.

The fourth factor, Lotsa's diligence in ascertaining the availability of coverage, is neutral or slightly favors Lotsa. Admittedly, Mulkanoor never read the policy and so could not know whether the policy provided coverage or not, suggesting that this factor favors State Auto. But as already discussed in connection with the third factor, even with knowledge of the policy requirements a reasonable person would not have appreciated that a claim could arise from the shooting, tilting the balance back to Lotsa. Moreover, Mulkanoor immediately contacted his insurance agent when he received notice of the suit, showing diligence once aware of an actual claim. *Cf. Applied Sys.*, 313 Ill. App. 3d at 467 (failure to evaluate complaint against policy provisions unreasonable as a matter of law).

---

[2] State Auto argues that accepting Lotsa's "position that a business owner has no obligation to report injuries on his premises where a third party is involved . . . would eviscerate notice provisions for all business owners," meaning, for example, that "bars would no longer be required to provide notice of fights where a patron was injured" or that no "shooting would ever need to be reported to an insurer under a theory of premises liability or failure to provide security." Doc. 76 at 3. Initially, the Court does not understand Lotsa to take the position that an insured never needs to provide notice of events on its property involving a third party. Moreover, State Auto does not provide any citations to counter Lotsa's argument that a reasonable person would not have understood that a lawsuit would follow the shooting or to support its position that insureds must categorically give notice of every injury occurring on their premises, regardless of the facts and circumstances surrounding the specific injury.

Finally, the fifth factor, prejudice to State Auto, is also neutral or weighs slightly in favor of State Auto. State Auto only argues that it could not timely investigate the shooting or Hill's claimed injuries because Lotsa provided notice two years after the shooting. *See Brumit*, 877 F.3d at 362 (lack of timely notice exposed the insurer "to significant uncertainty and deprived it of the benefit it expected to receive from the notice provision"); *Moje*, 377 F. Supp. 3d at 921 ("The point of notice provisions–the benefit for which the insurer bargains–is to afford the insurer the opportunity to do its own investigation in a timely fashion." (internal quotation marks omitted) (citation omitted)). But at the same time, as Lotsa points out, State Auto received notice of the underlying action almost immediately after it was filed, and it provides no actual evidence of prejudice. *See Great Am.*, 356 F. Supp. 3d at 748 ("Speculation does not substitute for evidence of prejudice.").

In sum, the balance of the factors weighs against State Auto and supports a finding that Lotsa reasonably delayed in notifying State Auto of the shooting on its property until after it received notice of the underlying action. Therefore, State Auto cannot avoid liability based on the notice condition of its policy.

## CONCLUSION

For the foregoing reasons, the Court denies State Auto's motion for summary judgment [63].

Dated: May 31, 2023

_____
SARA L. ELLIS
United States District Judge